UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** **(In Chambers:) DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STAY CASE BASED ON *PULLMAN* ABSTENTION DOCTRINE** (filed 1/25/10)

## I.    INTRODUCTION & BACKGROUND

On February 28, 2007, plaintiffs Palmer/Sixth Street Properties, L.P. and Geoffrey Palmer ("Palmer") filed the instant action against the City of Los Angeles (the "City") in this Court and a similar complaint in the Los Angeles County Superior Court, Case No. BS107637 (the "Superior Court action"). By these actions, plaintiffs challenge the City's application of a municipal zoning and land use ordinance to a project proposed by plaintiffs for development. Palmer/Sixth Street Properties, L.P. owns real property located at 609 St. Paul Avenue in the City of Los Angeles (the "Property"), which is currently used as a parking lot and on which plaintiffs intend to build Piero II, a mixed-use 350-unit residential and commercial project (the "Project").[1] At all relevant times, Palmer acted as the general manager of Palmer/Sixth Street Properties, L.P. In 2006, plaintiffs applied to the City for a permit for the Project. The City determined that the Project and Property, which formerly contained a 60 unit low-income apartment hotel that was demolished in July 1990, fell under Section 11.C of the Los Angeles Central City West ("CCW") Specific Plan ("Specific Plan"). Section 11.C imposes affordable housing requirements on certain residential and mixed-used projects in the CCW

---

[1] The underlying facts of the instant action are summarized in the California Court of Appeal decision in the related state court action, Palmer/Sixth Street Properties, L.P. v. City of Los Angeles, 175 Cal. App. 4th 1396, 1399-1404 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

area—specifically, developers who build on parcels where affordable housing was previously demolished must replace the demolished housing, or set aside 15% of the development for low-income housing.  Alternatively, the Specific Plan allows for the payment of an "in lieu" fee by the developer.  The City denied plaintiffs' request for a waiver and exception from the Section 11.C requirements.  Instead, it conditionally approved plaintiffs' Project subject to the Section 11.C affordable housing requirements, as stated in condition 10 of the project approval.  Condition 10 required plaintiffs to provide 60 replacement low-income dwelling units, either on or off-site for a period of at least 30 years, or pay an in lieu fee of approximately $5.7 million.

On April 30, 2007, this Court stayed the instant action, pursuant to Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941), pending resolution of the Superior Court action.  In the Superior Court action, plaintiffs filed a petition for administrative mandamus alleging, among other things, that application of Section 11.C's affordable housing requirements to the Project was preempted and violated the Costa-Hawkins Rental Housing Act, Cal. Civ. Code §§ 1954.50 et seq. ("Costa-Hawkins"), and violated plaintiffs' constitutional rights. The Superior Court bifurcated the mandamus proceeding from the constitutional claims, and tried the mandamus petition first.  At the end of the mandamus trial, on December 14, 2007, the Superior Court issued its Statement of Decision, in which it ruled in favor of plaintiffs, finding that Condition 10 of the City's project approval is preempted by Costa-Hawkins.  Upon plaintiffs' voluntary dismissal without prejudice of all of its remaining claims, the Superior Court entered judgment and issued a peremptory writ of mandate enjoining the City from applying or enforcing Section 11 of the Specific Plan with respect to the Project.[2]  On July 22, 2009, the California Court of Appeal affirmed the judgment.  See 175 Cal. App. 4th 1396 (2009).  The California Supreme Court denied the City's petition for review on October 22, 2009.  Given that the Superior Court action is resolved, this Court lifted the stay in the instant case on October 27, 2009.

---

[2] At the end of the mandamus trial, the City argued to the Superior Court that under the one judgment rule, judgment could not be entered and writ of mandamus could not be issued against it unless and until the pending constitutional claims were either voluntarily dismissed or adjudicated.  See Pls.'s Req. For Jud. Not. Exs. C & D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

 On January 4, 2010, plaintiffs filed an amended complaint ("FAC") alleging claims for (1) inverse condemnation/taking in violation of the Fifth Amendment; (2) violation of the Equal Protection Clause of the Fourteenth Amendment; (3) violation of the Due Process Clause of the Fourteenth Amendment; (4) violation of civil rights, under 42 U.S.C. § 1983; (5) inverse condemnation/taking in violation of the Cal. Const. Art. I § 19; (6) violation of equal protection, under Cal. Const., Art. I § 7; (7) violation of due process, under Cal. Const., Art. I §§ 7, 15; (8) breach of contract; and (9) breach of the covenant of good faith and fair dealing.[3] In December 2009, plaintiffs filed a new action in Los Angeles County Superior Court, Case No. BC42791, alleging the same claims set forth in the FAC.[4] See Def.'s Req. For Judicial Not. Ex. C.

 On January 25, 2010, the City filed the instant motion to dismiss or, in the alternative, motion to stay the case based on the Pullman abstention doctrine. Plaintiffs filed their opposition on February 9, 2010. A reply was filed on February 22, 2010. A hearing was held on March 8, 2010. The Court then took the matter under submission. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

 A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states

---

[3] Palmer is a named plaintiff in this action in regards to the fourth claim for violation of his civil rights; the eighth claim for breach of contract; and the ninth claim for breach of the implied covenant of good faith and fair dealing.

[4] Plaintiffs assert that their motion to stay this state court action is set for hearing on February 22, 2010. Opp'n at 2, n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

The City contends that the FAC should be dismissed because it fails to allege facts that give rise to a substantial federal question. Mot. at 6. In the Superior Court action, plaintiffs represented to the Superior Court that "regardless of the outcome of the mandamus proceeding, it would not be building any low income housing units . . . [such that] if it did not obtain relief from Condition 10 of the project approval it would pay the in lieu fee." Palmer, 175 Cal. App. at 1404. Accordingly, the City argues that this case is simply a dispute about whether plaintiffs would have to pay the City a fee as a condition to its Project approval, and thus does not raise a federal dispute. Id. at 6-7; Reply at 1-3 (citing, e.g., Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982) ("[T]he conventional planning dispute—at least when not tainted with fundamental procedural irregularity, racial animus, or the like—which takes place within the framework of an admittedly valid state [] scheme is a matter primarily of concern to the state and does not implicate the Constitution."); Lone Star Sec. & Video, Inc. v. City of L.A., 584 F.3d 1232, 1236 (9th Cir. 2009) (holding that plaintiff's claim that its substantive due process rights were violated solely by virtue of the City's acting under an ordinance that is held invalid under state law fails as a matter of law). Further, the City argues that plaintiffs' rights were never implicated because it always had the right to either (1) continue with the historical use of the Property as a parking lot while it challenged the inclusionary housing fee; (2) proceed with a development of 110 residential units unencumbered by any affordable housing requirements; or (3) proceed with its development of 350 residential units by paying the City's affordable housing fee under protest, pursuant to Cal. Gov't Code § 66020(b).[5] Mot. at 7-8.

---

[5] Section 66020 allows developers to pay all fees assessed on a development project under protest. Cal Gov't Code § 66020(b). Further, if the developer prevails in its challenge to the fee, California courts must "direct the local agency to refund the unlawful portion of the payment, with interest at the rate of 8 percent per annum . . . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

Plaintiffs respond that by virtue of their claims alleging violation of their constitutional rights, the FAC raises a substantial federal question. Opp'n at 3. Further, they argue that Creative Environments is inapposite to the instant action because the FAC alleges both procedural irregularity and animus in that the City, being politically motivated and acting with animus toward plaintiffs, illegally and deliberately imposed the subject ordinance on the Project. Id. at 3-4; FAC ¶¶ 31, 58. As to the holding in Lone Star, plaintiffs contend that unlike the claim in Lone Star, preemption is not the sole basis of their constitutional claims. Id. The City reiterates that plaintiffs' general allegations of "animus and deliberation" are insufficient to raise a right to relief beyond the speculative level. Reply at 1-2.

Defendants specific arguments are considered in turn.

### A. Fifth Amendment Takings Claim

The City contends that plaintiffs' federal takings claim must be dismissed as unripe because plaintiffs have not alleged that California courts have denied them compensation for either an alleged permanent or temporary regulatory taking. Mot. at 8-9 (citing Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985)). Plaintiffs respond that they need not avail themselves of the state compensation procedures prior to filing their takings claim because their claim is based on the allegation that the subject ordinance does not substantially advance a legitimate state interest. Opp'n at 13 (citing Ventura Mobilehome Cmtys. Owners' Ass'n v. City of Buenaventura, 371 F.3d 1046, 1053-54 (9th Cir. 2004) ("A plaintiff is not required first to seek compensation before initiating a 'lack of substantial advancement' action, as it does not depend on the extent to which the [plaintiff] was compensated."). Further, plaintiffs contend that the Williamson ripeness requirements are prudential, and not jurisdictional, and that given the unusual procedural history of this action, the Court

---

Id. § 66020(e). Given that state law provided such a mechanism to remedy the City's legal error in applying the Specific Plan to this Project, the City contends that plaintiffs cannot state a due process or section 1983 claim. Reply at 3 (citing Creative Environments, 680 F.2d at 833, for the proposition that denial of building permit is not a due process violation where extensive state review procedures were available).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

should find that the City has waived its right to assert lack of ripeness under Williamson or find that plaintiffs have "substantially satisfied" this element. Id. at 14 (citing Guggenheim v. City of Goleta, 582 F.3d 996, 1008-09 (9th Cir. 2009), finding that even though plaintiffs did not file a formal inverse condemnation proceeding, "they litigated and settled several state law issues relevant to the alleged taking with the City" and thus "there is just no question that the case is fit for review").[6] The City replies that the Supreme Court's decision in Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 540 (2005), forecloses plaintiffs' argument that under a "substantially advances" takings claim, a party can avoid the Williamson ripeness requirement. Reply at 4. Further, it argues that the City has neither waived or forfeited the requirements, given that it has raised them at the first opportunity in the instant motion. Id.

    In Williamson, the Supreme Court held that a takings claim is not ripe until the property owner has attempted to obtain just compensation for the loss of his or her property through the procedures provided by the state for obtaining such compensation and been denied. 473 U.S. at 195; see also Equity Life Prop., Inc. v. County of San Luis Obispo, 548 F.3d 1184, 1190-91 (9th Cir. 2007) (affirming dismissal of plaintiff's "as-applied" takings challenge to a mobilehome rent control ordinance as unripe because it had not attempted to obtain relief through the state procedure designed to provide compensation for rent control losses). Williamson also set forth an additional hurdle, applicable to "as-applied" challenges: the property owner must have received a "final decision" from the appropriate regulatory entity as to how the challenged law will be applied to the property at issue. 473 U.S. at 192-93. In the instant case, plaintiffs have not satisfied the first prong of the Williamson ripeness analysis because the state court has yet to rule on plaintiffs' inverse condemnation claim. Further, to the extent plaintiffs' claim that Section 11.C's affordable housing requirements constitute a form of "rent

---

    [6] On March 23, 2010, the City filed a notice that the Ninth Circuit issued an order on March 12, 2010 granting en banc review of the Guggenheim decision. The City argues that as a result, the original panel decision is no longer precedent, pursuant to Cir. Rule 35-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

control," plaintiffs have not yet sought relief through a Kavanau adjustment.[7]  Given that the City raises the issue of Williamson ripeness in the first motion to dismiss, the Court finds that it cannot be said that the City has waived or forfeited such a claim. Accordingly, the Court concludes that plaintiffs' federal takings claim is unripe under Williamson and dismisses this claim without prejudice.  See, e.g., Equity Life Prop., Inc., 548 F.3d at 1192.  Even if the Court were inclined to waive the Williamson ripeness requirement, for prudential reasons, the Court finds that plaintiffs' federal takings claim should be stayed pursuant to the Pullman doctrine, as discussed below.

### B. Pullman Abstention Doctrine

To the extent the Court determines that any of plaintiffs' federal claims are viable, the City moves, in the alternative, to stay them pursuant to Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496 (1941), in light of plaintiffs' newly filed parallel complaint in the Los Angeles Superior Court, Case No. BC42791.  Mot. at 23.  If the state court awards plaintiffs compensation under the state law claims, then, the City argues, there would be no basis for plaintiffs to seek a double award of compensation in federal courts. Id. at 24; Reply at 20.  Additionally, the City argues that the fact that the state court already invalidated the Specific Plan's inclusionary housing requirements based on state law lends further support for the argument that the Court should abstain from deciding the instant action, so that the state courts may decide plaintiffs' remaining state claims without reaching the federal claims.  Mot. at 24.

Plaintiffs respond that the Court should not stay the instant case under the Pullman doctrine because the requisite "extraordinary circumstances" are not present which would warrant such an abstention.  Opp'n at 22.  First, they argue that the state court already ruled on the sensitive issue of preemption by Costa-Hawkins.  Id. at 23.  Further, they

---

[7] In Kavanau v. Santa Monica Rent Control Bd., 16 Cal. 4th 761 (1997), the California Supreme Court established a procedure by which a party injured by a government taking could seek compensation.  The procedure required "[a]n adjustment of future rents that takes into consideration past confiscatory rents," 16 Cal. at 783, giving property owners harmed by regulatory takings a means to obtain "just compensation through the procedures provided by the State," Williamson, 473 U.S. at 195.

Case 2:07-cv-01346-CAS-FMO   Document 40   Filed 04/22/10   Page 9 of 10   Page ID #:464

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

argue that resolution of the pendant state claims would not terminate the controversy underlying the Section 1983 claim. Id. Finally, plaintiffs argue that the interests of judicial economy support a finding that the Pullman doctrine does not apply. Id. at 24.

The City replies that each of plaintiffs' claims implicates sensitive areas of social policy—land use planning. Reply at 20. It reiterates that there are several issues for the state court to decide, which could easily moot any of plaintiffs' federal claims given that they seek identical remedies under these claims. Id.

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959). Pursuant to the Pullman abstention doctrine, such "extraordinary circumstances" exist where

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open;' (2) 'Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy; (3) The possibly determinative issue of state law is doubtful.

Canton v. Spokane School Dist. No. 81, 498 F.2d 840, 845 (9th Cir. 1974).

As the Court noted in its April 30, 2007 order staying the case pending resolution of the first Superior Court action, the Ninth Circuit has held that "land use planning . . . is today a sensitive area of social policy meeting the Canton requirement." Rancho Palos Verdes Corp. v. City of Laguna Beach, 547 F.3d 1092, 1094 (9th Cir. 1976); Santa Fe Land Imp. Co. v. City of Chula Vista, 596 F.2d 838, 840 (9th Cir. 1979). The Court notes that the availability of affordable housing is a particularly sensitive area of social policy in the City of Los Angeles. As to the second requirement, the Court finds that resolution of plaintiffs' federal constitutional claims may be avoided depending on if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 07-1346 CAS (FMOx) | Date | April 22, 2010 |
|---|---|---|---|
| Title | PALMER/SIXTH STREET PROPERTIES, L.P. and GEOFFREY PALMER v. CITY of LOS ANGELES | | |

state court finds that plaintiffs are entitled to damages under the state law inverse condemnation procedures. Further, given that plaintiffs' claims are primarily related to land use, there is no particular reason that the Court should refuse to stay plaintiffs' Section 1983 claim in this case. See C-Y Dev. Co. v. Redlands, 703 F.3d 375, 381 (9th Cir. 1983). Finally, as to the third requirement, given that the state court already enjoined the City from applying the Section 11.C requirements with respect to the Project, and furthermore, that state law provided plaintiffs a mechanism to avoid delaying the Project by paying the Specific Plan's fee under protest, the Court finds that there is a serious question as to whether plaintiffs may obtain damages for the alleged "temporary/permanent" taking. Accordingly, the Court concludes that the remaining claims in the instant action should be stayed pursuant to the Pullman doctrine.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part defendant's motion to dismiss and dismisses without prejudice plaintiffs' claim (1) for relief. The Court DENIES defendant's motion to dismiss plaintiffs' remaining claims as moot because the Court GRANTS defendant's motion to stay the instant action pending resolution of the similar proceeding in the Los Angeles County Superior Court. The case shall be removed from the Court's active case list, and the parties shall file a joint status report advising the Court of the status of the state action every 120 days.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ